(Lake County Common Pleas.)

## STATE v. DANIEL OWEN and JOSEPH OWEN.

1. That part of section 6968 which provides for the confiscation of the fish net and thereby depriving the owner of his property without service of process, or day in court, is in violation of section 16, article I of the constitution of this state.

2. That part of the section making it illegal to maintain nets within one-half mile of the mouth of any river flowing into Lake Erie, is not dependent on the confiscation provision, but can be enforced without reference to it, and is therefore valid.

3. It is not shown that the kinds of fish their habits and the conditions and restrictions required for their protection, are the same in the other bodies of water in the state, as in Lake Erie, and it is not therefore shown that it is "an act of a general nature", and therefore not shown to be in violation of section 26, article II, of the constitution of this state.

4. An indictment which does not charge all the criminating acts, which the state must prove to authorize a conviction, does not charge an offense. An omission to state all the criminating acts cannot be cured by the use of the word "unlawfully." Lamberton v. State, 11 Ohio, 282.

5. This indictment under said section charges that the defendant unlawfully maintained a certain fish net in the waters of Lake Erie within one-half mile of the mouth of Grand river, a river flowing into Lake Erie, but does not charge that it was set, opened out, or maintained in such condition that fish could be caught in it, or that it was being maintained there to catch fish; therefore it does not state all the criminating facts which the state must prove to authorize a conviction; consequently does not state an offense. 8 Ohio St. 98, opin. 115, construing sec. 10, article I of the constitution.

6. Is not the language of the provision of said section upon which this indictment was based, so meagre and general—its omissions so many—its uncertainty so great, by the careless use of language, that legislation is required to make of it a criminal statute authorizing a criminal charge such as is required by sec. 10, article I, of the constitution. Opin. Bartley, Judge, 8 Ohio St. 115.

## HOWLAND, J.

The contention in this case is over the constitutionality of section 6968, and of the sufficiency of the indictment drawn under one of the provisions of that section.

The charge in the indictment is in the words following, to-wit: That the defendants, on or about the 13th day of April, 1895, in the county of Lake and state of Ohio, did unlawfully, purposely and knowingly maintain a certain net, to-wit: "A fish net, in the waters of Lake Erie within one-half mile of the mouth of Grand river, a river flowing into Lake Erie."

To that indictment the defendants filed a demurrer, and allege for cause that the provisions of section 6968 are unconstitutional. The demurrer was overruled for reasons hereinafter explained. The defendants were arraigned and plead not guilty; a jury was impaneled and sworn. The State called one B. F. Crofoot as a witness, and offered evidence by him tending to prove the charge in the indictment, when the defendants objected to any evidence under the indictment, on the ground that the indictment did not charge an offense under the laws of Ohio; and upon the further ground that the act of 1891, an amendment to section 6968, is unconstitutional and void—first, because said act is of a general nature, and has no uniform operation throughout the state; second, that said act provides for unlawful and unreasonable seizure of private property; third, that the indictment is insufficient because it does not aver that this net was maintained for catching fish.

By Court: When this indictment was before us on demurrer, the only question raised was the constitutionality of that section. We then and now hold that part of the section which provides for the confiscation of the net, is unconstitutional. It is well settled that the courts will not hold a statute unconstitutional unless it clearly appears that the legislature exceeded its constitutional limit in passing it. Where a statute provides for two or more objects, and they are independent provisions, which can be enforced independently of each other, then if it clearly appears that one or more of its provisions are prohibited by the constitution, while the others are not, so much of the act only as can be enforced without violating the constitution will be held valid.

Exchange Bank v. Hine, 3 Ohio St. 1; Railroad v. Commissioners, 31 Ohio St. 338; The State ex rel. v. Dombaugh, 20 Ohio St. 167; The City of Piqua v. Zimmerlin, 35 Ohio St. 507; Gager v. Prout, 48 Ohio St. 89; Cooley, Con. Lim., 178.

The legislature has the power to legislate for the protection of fish in the lakes and rivers of the State. It is provided in this act what will be illegal in catching fish and deemed unnecessarily injurious to the propagation of fish by providing that nets shall not be set, placed or maintained within one-half mile of the mouth of any river flowing into Lake Erie and by providing a

penalty therefor. These provisions are independent of, and may be enforced without enforcing the provision of confiscating the net. The provision which authorizes a con fiscation of the net without notice, or service of process upon the owner and thereby depriving him of his property, and of his right to a hearing in court therefore, is in violation of section 16, article 1, of the constitution; but the provision of said section upon which this indictment is based, can be enforced separately and independently of the confiscation provision, and is therefore valid.

It is urged in the argument that the legislature would not have passed the act, if it had not contained the confiscation provision. We have no means of ascertaining, and doubt whether any power less than omnipotent could ascertain and know, with that certainty required to set aside a whole section—that the legislature was induced to pass said section solely for the purpose of enacting the confiscation clause therein into a law, until it is clearly shown that the act was passed for that purpose, and that the valid and invalid parts are mutually dependent upon each other, the whole act could not be annulled for that reason. It is further claimed under this objection, that this act is of a general nature—that its application is not made uniform throughout the state, and therefore is in violation of section 26, article 2, of the constitution. In support of this claim it is urged that the act does not prohibit placing, or maintaining a net within one-half mile of the mouths of creeks or rivers flowing into the Ohio river, or any other river or body of water in the state; but is limited in its application to those streams flowing into Lake Erie. It is true that the provisions of this section limit its application to the waters of Lake Erie—but before the act could be held invalid for that reason it must clearly appear that the provision in question is one of a general nature; that the evils to be remedied are not confined to Lake Erie; that the conditions requiring the protection of fish are the same in all the waters of the State; that the kind and habits of fish in Lake Erie require the same protection required by the fish in all other waters of the state, which has not been done. State v. Shearer, 46 Ohio St. 275. The demurrer was overruled, to which defendants at the time objected and excepted.

The purpose of this section is to protect fish by prohibiting their catch by certain specified means, and at the places specified, thereby to protect their propagation, and prevent their extermination—that was the purpose of the separate provision upon which this indictment was based, which reads as follows: "No person shall set, place, locate or maintain any net whatever within one-half mile of the mouth of any river or creek flowing into Lake Erie." This indictment is based upon the provision therein "that no person shall maintain any net whatever within one-half mile of the

mouth of any river or creek flowing into Lake Erie," meaning thereby "shall maintain any net in the water for the purpose of catching fish. The evil sought to be prevented at those places is catching fish in a net.

If confined alone to the language used in this provision, there is nothing in the provision defining the offense which makes it unlawful to maintain a net in the water, that does not apply with equal force and make it unlawful to maintain a net upon a reel or otherwise, on dry land, within one-half mile of the mouth of any such river or creek. This provision can be relieved of that absurdity only by construing it in connection with the evident purpose of the act, thereby carrying into the indictment in defining the offense, language not found in the act—in the waters of Lake Erie. The looseness in the language used in the act to describe the offense is obviated, in part only, by the use of those words not found in it, and the indictment is thereby relieved of the absurdity of charging an offense for maintaining a net upon dry land, to catch fish; but it still fails to charge that the net was opened out, or maintained in the water in any way, in which it could be possible for fish to get caught in it; so long as the net remained unopened in the water, it would be as harmless to violate this provision as when wound on a reel on dry land.

Is not the language used in this provision so meagre and general, its omissions so many, its uncertainty so great in defining an offense, that legislation is required, that it cannot be cured by construction? Quere.

The presumption of innocence has no less force before than after the indictment has been presented. Can it be said an indictment is good which does not charge all the criminal acts, which the State is required to prove, to authorize a conviction?

Section 10, article 1, in part, reads as follows: "The party accused shall be allowed to appear and defend with counsel, to demand the nature and course of the accusation against him and have a copy thereof." Judge Bartley, in opinion, 8 Ohio St. 98, 114, 415, in construing that section, uses the language following: "If any one or more of the substantial ingredients or distinguishing constituents of the crime may be omitted, the written accusation would become a snare with which to mislead and entrap the accused on the trial."

The following authorities answer that inquiry in the negative. Dillingham v. State, 5 Ohio St. 280 Foutz v. State, 8 Ohio St. 98, 1st vol. Archibald's Crim. Pleading, vol 1, Waterman's edition, 85. "It is a well settled rule of criminal pleading that an indictment must aver, with reasonable certainty, all the material facts which are necessary to be proven, to procure a conviction, and this rule has not, in our opinion, been changed by the Code of Criminal Procedure." Ellers v. State, 25 Ohio St. 385. Opin. 388.

The omission to charge all the criminating acts in the indictment which are necessary to be proved to authorize a conviction cannot be supplied or corrected by the use of the word "unlawful" in the indictment. Lamberton v. State, 11 Ohio, 282. An indictment for resisting an officer in the execution of his duty must set forth all the facts necessary to contitute the offense." The offense attempted to be charged was that of resisting an officer. The charge in the indictment is in the language following, "that one David Bryte, then and there being sheriff of said county, and also then and three being in the execution of said office, as such sheriff as aforesaid, unlawfully did resist, contrary to the form of the statute." Upon arraignment a plea of guilty was entered, and judgment was rendered upon that plea.

Thereafter the case was reviewed; the error assigned was "that the indictment does not set forth the act of resisting and the mode and manner of resisting. "The court held that the indictment charged no fact; that it merely stated a conclusion of law predicated upon a supposed state of facts. Opin. 285."

A statement of any one of the facts or circumstances as a legal result, or by way of inference, or conclusion from antecedent or subsequent averments, is bad, and fatal to the indictment. 1 Chitty's Crim Law, 228; 1 Arch. Crim. Pl. (Wat. Ed.), 87.

This indictment does not charge all the facts which are necessary to be proved to authorize a conviction. We therefore hold that it does not charge an offense, and sustain the objection based on that ground.

H. P. Bosworth, prosecuting attorney.

Geo. W. Alvord, attorney for defendants.